**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0203-24

MOERAE MATRIX, INC.,

     Plaintiff-Appellant,

v.

MCCARTER & ENGLISH, LLP,
and BEVERLY W. LUBIT, ESQ.,

     Defendants-Respondents.

_____

Argued October 30, 2025 – Decided January 20, 2026

Before Judges Mawla, Bishop-Thompson, and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0371-22.

Gary Martin Meyers argued the cause for the appellant (Law Offices of G. Martin Meyers, PC, attorneys; Gary Martin Meyers, Susan S. Singer, and Justin A. Meyers, on the briefs).

Kevin J. Duffy argued the cause for respondents (Day Pitney LLP, attorneys; Kevin J. Duffy and Joseph W. Ritter, on the brief).

PER CURIAM

The genesis of this civil action is a complaint filed in the Essex County Law Division, docket number L-2214-19, by then-plaintiff McCarter & English, LLP in 2019, which sought to recover unpaid legal fees in excess of $837,000 against defendant Moerae Matrix, Inc. (the 2019 Collection Action)  The trial court granted McCarter's motion for summary judgment and denied as untimely and prejudicial Moerae's motion to amend its pleadings to add a counterclaim and third-party complaint.  On appeal, we affirmed the trial court.  McCarter & English, LLP v. Moerae Matrix, Inc., No. A-3775-19 (App. Div. July 27, 2021) (slip op. at 38).

Following our decision, Moerae filed a complaint against McCarter and Beverly Lubit (collectively, the McCarter defendants), which the McCarter defendants answered and asserted the entire controversy doctrine (ECD) as an affirmative defense.  Moerae now appeals from the trial court's July 22, 2024 orders granting the McCarter defendants' motion for summary judgment and dismissing Moerae's complaint with prejudice, finding Moerae's claims were barred by the ECD.  It also appeals from the September 13, 2024 order denying Moerae's motion for reconsideration.  We affirm both orders.

A-0203-24

## I.

We discern the following procedural history and pertinent facts from the record. Lubit joined McCarter in April 2017 and brought in Moerae as a client, whom she had represented for over a decade in intellectual property matters. Despite repeated demands by McCarter, Moerae did not satisfy its outstanding legal fees. After securing other counsel, Moerae formally terminated McCarter's representation on December 7, 2018.

On December 17, 2018, McCarter filed a Uniform Commercial Code-1 (UCC-1) financing statement in Delaware, and became a secured creditor to the unpaid attorney's fees and expenses with a security interest in Moerae's patents. Ten days later, McCarter notified Moerae liens had been placed on its patents and patent applications. Moerae's founder and chief executive officer acknowledged the company's intent to pay the arrears.

In January 2019, McCarter sent Moerae a pre-action notice regarding unpaid legal fees. Despite receiving this notice, Moerae neither initiated fee arbitration nor paid the outstanding balance to McCarter. In March 2019, McCarter initiated the 2019 Collection Action. Moerae did not assert any counterclaims in its answer.

A-0203-24

Following the close of discovery, Moerae moved for leave to file an amended counterclaim against McCarter and a third-party complaint against Lubit, asserting claims for tortious interference with prospective economic advantage, violation of the UCC, and breach of fiduciary duty, all relating to the liens. McCarter subsequently moved for summary judgment. On June 5, 2020, the trial court denied Moerae's motion, granted McCarter's motion, and entered judgment in the amount of $837,524.19.

Moerae appealed and we affirmed the denial of Moerae's motion for leave to amend and the entry of judgment. We explained:

> Put simply, [Moerae]'s assertion the court abused its discretion by denying the motion to amend in part because it was untimely is contradicted by the evidence. [Moerae] provides no justification supported by the record provided on appeal for its late filing . . . . It was therefore proper for the motion court to rely on [Moerae]'s inexplicable delay in asserting its claim, and the untimeliness of [Moerae]'s application, in denying the motion to amend to add the counterclaim.
>
> [McCarter, slip op. at 37-38.]

On March 1, 2022, Moerae filed the present complaint against the McCarter defendants, alleging legal malpractice, breach of fiduciary duty, defamation of title to property, and tortious interference with prospective economic advantage. These claims were not asserted in the 2019 Collection

4

Action. On April 5, 2022, the McCarter defendants answered, expressly raising the ECD as an affirmative defense.

Moerae filed an amended complaint, adding causes of action for violations of the UCC and for imposition of a constructive trust and an equitable lien regarding the proceeds from the sale of Moerae's patent portfolio. The McCarter defendants amended their answer and again raised the affirmative defense of ECD.

The McCarter defendants moved for summary judgment on all claims, arguing Moerae's claims were barred by the ECD. That same day, Moerae filed a motion for partial summary judgment as to liability on its malpractice and fiduciary duty claims.

On July 22, 2024, the trial court granted the McCarter defendants' motion for summary judgment, finding Moerae's claims were barred by the ECD and dismissed Moerae's claims with prejudice. In a written statement of reasons, the court concluded Moerae's claims arose from the same transaction or occurrence as the earlier litigation and Moerae had a fair and reasonable opportunity to assert those claims in the prior case, but failed to do so in a timely manner. Further, the court found the ECD barred the claims against Lubit as Moerae's

5

claims were "based on her actions and representation of Moerae as a McCarter partner and thus, should have been asserted in the [2019] Collection Action."

II.

Moerae raises four arguments on appeal. It argues the court erred in granting summary judgment in McCarter's favor because: (1) dismissal under the ECD was improper; (2) McCarter was judicially estopped from "reversing course" in arguing Moerae's claim arose from the 2019 Collection Action; (3) the decision contravenes the principles of fairness and judicial economy; and (4) the claims against Lubit are not barred by the ECD.

We review the trial court's grant or denial of a motion for summary judgment de novo. Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 71 (2024). Applying the same standard as that employed by the trial court, we review the record to determine whether there are material factual disputes and, if not, whether the undisputed facts viewed in the light most favorable to plaintiff, as the non-moving party, nonetheless entitle defendant to judgment as a matter of law. See Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We owe no deference to the trial court's legal analysis. Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017).

A-0203-24

However, we apply a mixed standard of review when summary judgment is granted on ECD grounds. We review de novo the legal principles governing the application of the ECD, but the trial court's determination to apply the doctrine in light of the particular circumstances is reviewed for abuse of discretion. Francavilla v. Absolute Resols. VI, LLC, 478 N.J. Super. 171, 178 (App. Div. 2024), certif. den. 259 N.J. 319 (2024). This standard is consistent with the equitable purposes underlying the doctrine, the application of which is ordinarily "left to judicial discretion based on the factual circumstances of individual cases." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 114 (2019) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). Thus, we will reverse the trial court's exercise of discretion in applying the doctrine only if that "exercise of discretion was 'manifestly unjust' under the circumstances." Francavilla, 478 N.J. Super. at 178 (quoting Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011)).

As expressed in Rule 4:30A, the ECD "requires parties to an action to raise all transactionally related claims in that same action." Francavilla, 478 N.J. Super. at 178-79 (quoting Largoza v. FKM Real Est. Holdings, Inc., 474 N.J. Super. 61, 79 (App. Div. 2022)). This doctrine "embodies the principle that

7

the adjudication of a legal controversy should occur in one litigation in only one court." Dimitrakopoulos, 237 N.J. at 108 (quoting Cogdell ex rel. Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989)). The doctrine "encompasses not only matters actually litigated but also other aspects of a controversy that might have been litigated and thereby decided in an earlier action." Francavilla, 478 N.J. at 179 (quoting Higgins v. Thurber, 413 N.J. Super. 1, 12 (App. Div. 2010)).

Therefore, the "central consideration," Wadeer v. New Jersey Manufacturers Insurance Company, 220 N.J. 591, 605 (2015) (quoting DiTrolio v. Antilles, 142 N.J. 253, 268 (1995)), and "initial inquiry is whether [the multiple claims] 'arise from related facts or the same transaction or series of transactions.'" Dimitrakopoulos, 237 N.J. at 109 (quoting DiTrolio, 142 N.J. at 267). It is the factual context "giving rise to the controversy itself, rather than a commonality of claims, issues or parties, that triggers the requirement of joinder to create a cohesive and complete litigation." Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 323 (1995).

Further, the ECD serves "three fundamental purposes: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay."

A-0203-24

Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (quoting DiTrolio, 142 N.J. at 267). In addition, the trial court is required to "consider whether the party against whom the doctrine is sought to be invoked has had a fair and reasonable opportunity to litigate that claim." Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 241 (App. Div. 2002). Thus, the doctrine promotes the efficient administration of justice and fairness to all parties with a material interest in the action. See Olds v. Donnelly, 150 N.J. 424, 432-34 (1997).

Pursuant to these principles, we reject Moerae's contention the McCarter defendants waived their right to assert the ECD as a defense by permitting over two years of intensive litigation to proceed—including extensive discovery, substantial motion practice, and the expenditure of substantial resources—prior to seeking dismissal on ECD grounds. Relying on Brown v. Brown, 208 N.J. Super. 372, 384 (App. Div. 1986), Moerae further argues such delay undermines the purpose of the doctrine, namely judicial economy and fairness, and constitutes acquiescence in litigating the substantive issues, effecting a waiver of the ECD defense. We are unconvinced because—unlike the defendant in Brown—the McCarter defendants affirmatively asserted the ECD in both their initial and amended answers, and therefore did not waive their right to assert it

9

as a defense. See Kopin v. Orange Prods., Inc., 297 N.J. Super. 353, 375-76 (App. Div. 1997) (citing Brown and noting ECD is an affirmative defense when finding defendant waived its ECD defense by failing to raise such in its answer).

We likewise reject Moerae's contention its malpractice and related claims are factually and legally distinct from the claims asserted in the 2019 Collection Action. Based on our review of the record, the core allegations underlying Moerae's present suit—including the existence, purpose, and effect of the liens at issue—were directly tied to McCarter's attempts to collect its unpaid legal fees, the dispute that formed the basis of the 2019 Collection Action. The factual circumstances—including Moerae's retention and subsequent termination of McCarter, ongoing disputes regarding unpaid legal bills, McCarter's efforts to secure payment, and the alleged harm arising from those actions—all originate from the parties' intertwined attorney-client relationship and ensuing fee dispute. These facts have remained unchanged since our review of the 2019 Collection Action.

As we noted in our prior opinion, Moerae knew the essential facts of its claims against defendants prior to McCarter's complaint in March 2019, and "as early as September 2018" prior to filing its answer. McCarter, slip op. at 34. Moerae had "a fair and reasonable opportunity to investigate, assert, and litigate"

10

all their claims in the 2019 Collection Action. <u>Dimitrakopoulos</u>, 237 N.J. at 118.

## III.

We are not persuaded by Moerae's argument the McCarter defendants should be judicially estopped from now asserting the ECD to bar its claims. Moerae's argument rests on McCarter's opposition to Moerae's motion to amend its answer in the 2019 Collection Action. In opposing the motion, McCarter argued prejudice because the motion was filed after the close of discovery and Moerae had been aware of the UCC notices. McCarter also argued the collection claim arose during their representation of Moerae and the proposed claims arose after its representation.

Judicial estoppel is an equitable doctrine designed to "protect 'the integrity of the judicial process.'" <u>Kimball Int'l, Inc. v. Northfield Metal Prods.</u>, 334 N.J. Super. 596, 606 (App. Div. 2000) (quoting <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 387 (App. Div. 1996)). The doctrine provides "[w]hen a party successfully asserts a position in a prior legal proceeding, that party cannot assert a contrary position in subsequent litigation arising out of the same events." <u>Adams v. Yang</u>, 475 N.J. Super. 1, 8 (App. Div. 2023) (alteration in original) (quoting <u>Kress v. LaVilla</u>, 335 N.J. Super. 400, 412 (App. Div. 2000)). If a party

11

previously advanced a position but it was not accepted or did not succeed, that party is not bound by it in subsequent litigation. Ibid.

Contrary to Moerae's contention, the trial court denied Moerae's motion to amend solely on the grounds of untimeliness and prejudice. Even though the McCarter defendants directly contradict their prior position asserted in the 2019 Collection Action, we are satisfied the trial court correctly determined judicial estoppel was not applicable because the ECD was not asserted in that matter. See Kimball Int'l, 334 N.J. Super. at 606-07. Defendants are therefore not barred from now asserting that Moerae's claims were barred by the ECD doctrine.

IV.

We next address Moerae's contention the trial court's application of the ECD defied the doctrine's core principles of fairness and judicial economy. Moerae misapprehends not only the application of the ECD but also its objectives. The "objectives" of the ECD include "the promotion of conclusive determinations, party fairness, and judicial economy and efficiency." Dimitrakopoulos, 237 N.J. at 114 (quoting K-Land Corp. No. 28 v. Landis Sewerage Auth., 173 N.J. 59, 70 (2002)). As we have noted, Moerae had a fair and reasonable opportunity to assert its claims but failed to do so in a timely manner in the 2019 Collection Action. Having reviewed the record, we conclude

12

the trial court's consideration and application of the ECD to dismiss Moerae's claims with prejudice was not "'manifestly unjust' under the circumstances." Francavilla, 478 N.J. Super. at 178.

V.

In regard to Lubit, Moerae asserts the ECD does not preclude related claims against a new party. Accordingly, Moerae contends the trial court erred in granting judgment in favor of Lubit on this basis. This argument is unavailing.

Generally, a "[p]laintiff[] asserting a legal malpractice claim [is] relieved from the burden of joining the attorney in the underlying action." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.8 on R. 4:30A (2026). Rule 4:30A applies to "non-joinder of claims," while Rule 4:5-1(b)(2) "address[es] joinder of parties." Kent Motor Cars, Inc. v. Reynolds & Reynolds Co., 207 N.J. 428, 444 (2011). Under Rule 4:30A, there is no mandatory party joinder requirement under the ECD "except in special situations involving both inexcusable conduct . . . and substantial prejudice to the non-party resulting from omission from the first suit." C.P. v. Governing Body of Jehovah's Witnesses, 477 N.J. Super. 129, 140 (App. Div. 2023) (omission in original) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2024)).

13

The ECD was extended to require the mandatory joinder of all parties "who have a material interest in the controversy." Cogdell, 116 N.J. at 26. Rule 4:5-1(b)(2) requires parties to disclose the "names of any non-party who should be joined in the action . . . because of potential liability to any party on the basis of the same transactional facts." Thus, the Rule "serves 'to implement the philosophy of the [ECD].'" Bank Leumi, 243 N.J. at 227 (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:5-1 (2019)).

While the trial court did not expressly invoke Rule 4:5-1(b)(2) in precluding Moerae's claims against Lubit, we are satisfied it properly exercised its discretion in finding those claims were likewise barred by the ECD. Moerae did not certify all known necessary parties had been joined in the 2019 Collection Action. Nevertheless, Moerae's claims against Lubit arose solely from actions she took as a partner and agent of McCarter. Accordingly, these claims should have been asserted in the 2019 Collection Action. See Green Knight Cap., LLC v. Calderon, 469 N.J. Super. 390, 393 n.1 (App. Div. 2021) ("[A]ppellate courts review orders, not opinions . . . . An appellate court is 'free to affirm the trial court's decision on grounds different from those relied upon by the trial court.'" (quoting State v. Heisler, 422 N.J. Super. 399, 416 (App.

Div. 2011))). We discern no error in the court's ruling barring Moerae's claims against Lubit.

In sum, Moerae's complaint was properly dismissed under the ECD because the judgment in the 2019 Collection Action was valid, final, and rendered on the merits; the parties in both actions were identical; and the claims arose from McCarter's efforts to recover unpaid legal fees and costs. Accordingly, the trial court appropriately exercised its discretion in applying the ECD and there is no basis to disturb the trial judge's determination.

We need not reach the issue of whether the trial court abused its discretion in denying Moerae's motion for reconsideration. Moreover, Moerae did not brief this issue on appeal. "An issue not briefed on appeal is deemed waived." See Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 318-19 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)). Thus, we deem the issue waived.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0203-24